(83 App. Div. 285.)

COLE et al. v. ANDREWS.

(Supreme Court, Appellate Division, First Department.  May 8, 1903.)

1. DECEDENTS' ESTATES—ACKNOWLEDGMENT OF INDEBTEDNESS—CONSTRUCTION
   —ADVANCEMENT OR DEBT—EXECUTOR'S ELECTION.
       Defendant's decedent executed to his father (plaintiff's decedent) an
   instrument acknowledging an indebtedness to him for moneys advanced,
   and agreeing that the same should be charged as an advancement against
   defendant's decedent's portion of the estate of plaintiff's decedent, and
   further agreeing that the same might be held as a debt due the estate,
   should the executor desire to treat it as such, and should be offset
   against defendant's decedent's share of the estate.  Held, that plaintiff
   had the right to elect to treat the indebtedness as a debt, instead of as
   an advancement, and could maintain an action therefor.

2. SAME—INTEREST.
       Where an instrument acknowledged a debt due decedent, which was
   to be considered as an advancement unless his executor should elect to
   treat the same as a debt due the estate, the executor, on electing to treat
   the sum as a debt, could recover interest only from the date of the elec-
   tion, which, in the absence of other evidence, was the date of the
   summons.

       Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Thomas H. Cole and another, executors, against Minnie
E. Andrews, administratrix.  Judgment for plaintiffs, and defendant
appeals.  Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN,
O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

John A. Thompson, for appellant.
Frank M. Avery, for respondents.

McLAUGHLIN, J.   This action was brought to recover the sum
of $2,961, alleged to have been loaned by plaintiffs' testator to the
defendant's testator between the 1st of March, 1893, and the 14th
of November of the same year.  The fact that defendant's testator
received from the plaintiffs' testator the amount claimed between
the times stated is not disputed, but the defendant claims that the
plaintiffs ought not to recover, because the same was not a loan, but
an advancement.   At the trial the only evidence adduced bearing on
the subject was the following writing, conceded to have been ex-
ecuted by defendant's testator:

"I, Frank E. Swezey, a son of Christopher Swezey, hereby acknowledge
that at this date I am indebted to him in the sum of $2,961 advanced to me
by him between March 1st, 1893, and November 14th, 1893.  I hereby agree
that the same shall be charged against any portion of the estate of Chris-
topher Swezey that may fall to me under any will that he may leave and
that the same may be and shall be charged as an advancement against such
portion.  I further agree that the same may be held as a debt due by me
to the estate of said Christopher Swezey, if the executors or administrators
of such estate desire to treat the same as a debt and the same may be offset
against the share or portion so coming to me or otherwise in form so as to
accomplish the charging of the same against either the real or personal
property which I may inherit from said Christopher Swezey.
                                   "Frank E. Swezey.  [Seal.]
"Dated New York, February 20th, 1894."

The trial court directed a verdict for the plaintiffs for the amount claimed, together with interest thereon from the time the money was received by the defendant's testator, and defendant has appealed.

I am of the opinion that a consideration of the whole instrument above quoted clearly indicates that the intent of the father in giving the $2,961 to his son was that it should be treated as an advancement to the son unless the executors or administrators of the father's estate should elect to treat it as a debt, and if they did so elect, then the son should be obligated to pay it. This is what the son agreed to do. He says:

"I further agree that the same may be held as a debt due by me to the estate of said Christopher Swezey, if the executors' or administrators of such estate desire to treat the same as a debt. * * *"

They did elect to treat it as a debt, as is evidenced by the bringing of this action; and therefore they were entitled to recover the sum which the father let the son have, together with interest thereon from the time the election was made, and notice of that fact was given, and a demand made for payment. There is nothing in the record to show the exact time the election was made, other than the date appearing on the summons—November 24, 1899. Taking that date, therefore, as the time when the executors made the election, the plaintiffs were only entitled to recover the sum of $2,961, together with interest thereon from that date. They have, however, been permitted to recover such sum, together with interest from the time the money was given by the father to the son, and to this extent we are of the opinion the judgment is erroneous.

The judgment appealed from, therefore, must be modified by reducing the judgment as entered to the sum of $3,617.34, and, as thus modified, should be affirmed, without costs to either party. All concur, except LAUGHLIN, J., who dissents.

---

## VANDERGRIFF v. BERTRON et al.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1903.)

1. MECHANICS' LIENS—EXECUTED CONTRACTS—VALIDITY—DESIGNATION OF FIRM NAME.

In an action to enforce a mechanic's lien for work done in pursuance of executed contracts for railroad construction, the fact that plaintiff, who was alone interested, designated himself in the contracts as "V. & Co.," which was made a criminal offense by Pen. Code, § 363, did not deprive him of his right to enforce his lien.

2. SAME—ASSUMPTION OF LIABILITIES.

3. SAME—CONDITIONS PRECEDENT—PERFORMANCE—ALLEGATIONS.

