Thomas H. Cole et al., as Executors of Christopher Swezey, Deceased, Respondents, *v.* Minnie E. Andrews, as Administratrix of the Estate of Frank E. Swezey, Deceased, Appellant.

Interest — Moneys Advanced Subject to Election of Executors to Treat Advancement as a Loan — Interest Runs from Time of Election. Under a written instrument executed by a son acknowledging that his father had furnished him a specified sum of money; that it was not a gift, but a debt due the father; that it might be collected after his father's

decease by his legal representatives at their election by treating it as a loan and enforcing it, or as an advancement, deducting it from his share in the estate; when such sum is enforced as a loan, interest should be awarded from the day when the executors elected to treat it as such, and not from the time the money was advanced by the father.

    *Cole* v. *Andrews,* 83 App. Div. 285, affirmed.

(Submitted October 30, 1903; decided November 10, 1903.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 29, 1903, modifying and affirming as modified a judgment in favor of plaintiffs entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John A. Thompson* and *W. W. Thompson* for appellant.

*Edgar J. Phillips* and *Frank M. Avery* for respondents.

Parker, Ch. J. This action was brought by the executors of Christopher Swezey against the administratrix with the will annexed of his son, Frank E. Swezey, to recover moneys furnished to the latter by his father. Plaintiffs' claim rests on the following instrument:

"I, Frank E. Swezey, a son of Christopher Swezey, hereby acknowledge that at this date I am indebted to him in the sum of $2,961 advanced to me by him between March 1, 1893, and November 14, 1893. I hereby agree that the same shall be charged against any portion of the estate of Christopher Swezey that may fall to me under any will that he may leave, and that the same may be and shall be charged as an advancement against such portion. I further agree that the same may be held as a debt due by me to the estate of said Christopher Swezey if the executors or administrators of said estate desire to treat the same as a debt, and the same may be offset against the share or portion so coming to me or otherwise in form so as to accomplish the charging of the same against

either the real or personal property which I may inherit from said Christopher Swezey."

This instrument contains four clauses :

I. " I, Frank E. Swezey, a son of Christopher Swezey, hereby acknowledge that at this date I am indebted to him in the sum of $2,961 advanced to me by him between March 1, 1893, and November 14, 1893." This clause acknowledges the liability.

II. " I hereby agree that the same shall be charged against any portion of the estate of said Christopher Swezey that may fall to me under any will that he may leave, and that the same may be and shall be charged as an advancement against such portion." This authorizes the deduction of the sum, as an advancement from any part of the father's estate falling to the son under any will of the father.

III. " I further agree that the same may be held as a debt due by me to the estate of said Christopher Swezey if the executors or administrators of said estate desire to treat the the same as a debt." This clause authorizes the executors or administrators of the estate of the father, if they so elect, to treat such sum as a debt due the estate — a chose in action.

IV. " And the same may be offset against the share or portion so coming to me or otherwise in form so as to accomplish the charging of the same against either the real or personal property which I may inherit from said Christopher Swezey." This clause authorizes the charging of the said sum, as an advancement, against the son's share in the father's estate should the latter die intestate.

The instrument is an acknowledgment that the father has furnished a specified sum of money to the son ; that it is not a gift, but a debt due the father, and that it may be collected after the decease of the father by his legal representatives ; and, further, that the sum may be collected, at the election of those legal representatives, (1) by treating the sum furnished to the son as a loan, and enforcing it, or (2) by treating it as an advancement and deducting it from the son's share in the estate.

We think the Appellate Division was right in modifying the judgment by deducting the interest for the time prior to the day when the executors elected which remedy they would pursue.

The judgment should be affirmed, with costs.

GRAY, O'BRIEN, HAIGHT, MARTIN, CULLEN and WERNER, JJ., concur.

Judgment affirmed.