## (April 17, 1962)

■ In the Matter of the Accounting of MARK LINKER et al., Executors of HENRI FREUDMANN, Deceased, Respondents. DENISE F. JOSELSON et al., Respondents; MARCEL T. FREUDMANN, Appellant.

APPEAL from a decree of the New York County Surrogate's Court, entered May 11, 1960, settling the intermediate accounting of Mark Linker and others as executors of Henri Freudmann, deceased.

*Per Curiam.* The basic issue here presented relates to the manner of distribution of some $103,000 of income accumulated during the period of administration of the estate. The residuary legatees among whom the income would normally be divided consist of appellant, his brother and sister. The answer to this question hinges to some extent upon the liability, if any, of appellant for interest upon certain indebtedness due from him to the estate.

It appears that during his lifetime testator loaned appellant moneys in the sum of $107,637.98. The finding of the Surrogate that the loan did not carry interest during the life of the testator is not questioned. In addition the father had guaranteed certain bank loans of appellant and had pledged assets as security therefor. The father died in June, 1952 and some six months later the executors paid the bank loan in the total amount of $99,750 by the liquidation of the pledged collateral.

There is here no dispute that the executors have the right to offset these two amounts totaling $207,387.98 against the residuary legacy of appellant under the recognized equitable doctrine of right of retainer. (34 C. J. S., Executors and Administrators, § 494, p. 394; 6 Jessup-Redfield, Surrogate's Law and Practice, § 5571; *Smith* v. *Kearney*, 2 Barb. Ch. 533, 547.)

Upon an intermediate accounting the executors requested instructions with respect to interest to be charged against appellant on account of his indebtedness to the estate. The Surrogate did not directly pass on this request but directed that the income be allocated ratably among the residuary legatees in accordance with their actual interests in the estate.

An *inter vivos* payment of money by a testator to a legatee is frequently described as an advancement but is not to be confused, as has been done to some extent herein, with an advancement made by an executor to a legatee during the administration of an estate. Whether or not interest is due, at least to the date of death of the payor, in the event of such an *inter vivos* transaction depends on whether the proof establishes the payment to have been in advancement or a loan. Interest to the date of death or probate of the will is collectible upon a loan but not upon an advancement. (*Matter of French,* 268 N. Y. 370; *Cole* v. *Andrews,* 83 App. Div. 285, affd. 176 N. Y. 374.)

In view of the fact that the loan to appellant did not carry interest it apparently is conceded herein that he is not liable for interest on any of the indebtedness during the lifetime of his father. This presents the question as to whether interest was chargeable against appellant from the date of death of testator in 1952 or date of payment of the bank indebtedness to the time of the distribution of the corpus. It has been written that " although there is no dissent from the proposition that the right of retainer carries with it also the right to retain interest, there is some difference of opinion as to whether interest should be computed up to the time of settlement, or only up to the time of the decedent's demise, the great weight of authority, however, favoring the former view." (Ann. 1 A. L. R. 991, 1011.) The question was passed upon in *Verplanck* v. *De Went* (10 Hun 611), where it was held that while an advancement does not bear interest during the life of the testator it does bear interest from the time of the probate of the will. The court reasoned that it stood upon the same footing as any other debt due the estate.

The foregoing legal principles would be applicable to the sum of approximately $107,000 loaned by testator to appellant but would have no relevancy when considering the remaining indebtedness of nearly $100,000. This was neither advancement nor loan but a contract of surety on the part of testator guaranteeing the bank loans of appellant. (Cf. *Matter of First Citizens Bank & Trust Co.* v. *Sherman,* 250 App. Div. 339.) The agreement did not ripen into liability until after the death of testator when the executors apparently were called upon to make payment.

The Surrogate, as stated, did not directly pass upon the question of appellant's liability for interest but considered the right of retainer as equitable in nature and shaped the relief by equitable considerations and directed allocation of the income ratably among the residuary legatees. Appellant's contention that he should share fully in the accumulated income without regard to the fact that an amount in excess of $200,000 had been applied to his benefit and during some eight years of administration of the estate had produced no income is without merit.

The decree, insofar as appealed from, should be affirmed.

Valente, J. P., McNally, Stevens, Steuer and Bastow, JJ., concur.

Decree, so far as appealed from, unanimously affirmed, with costs to respondents. [23 Misc 2d 763.]